**WALKER et al. v. HINTON.**

No. 8850—Opinion Filed April 9, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 73.)

**Replevin—Petition—Sufficiency.**

A petition in replevin, which contains the allegation that the plaintiff is the owner of the property therein described and entitled to immediate possession thereof and that the defendant wrongfully detains the possession thereof from the plaintiff, states facts sufficient to constitute a cause of action.

(Syllabus by Pryor, C.)

Error from District Court, Garvin County: F. B. Swank, Judge.

Replevin by C. C. Walker and another against W. L. Hinton. Demurrer to amended petition sustained and cause dismissed, and

plaintiffs bring error. Reversed, with directions to set aside the order sustaining the demurrer and dismissing the cause and to reinstate the cause.

W. L. Eagleton and Ledbetter, Stuart & Bell, for plaintiff in error.

H. R. Jacobs and Thompson, Patterson & Hampton, for defendant in error.

Opinion by PRYOR, C. This is an action in replevin commenced on the 9th day of October, 1913, by plaintiffs in error, C. C. Walker, and H. M. Walker, against W. L. Hinton, defendant in error, for the possession of an iron gray Percheron stallion and for damages for the wrongful retention thereof in the sum of $500.

The amended petition of the plaintiff contains the following allegations:

"Plaintiffs for their cause of action against the defendant allege and state that they are at this time, and were, on, to wit, the 9th day of October, 1913, the owners and entitled at the time to the immediate possession of one certain gray Percheron stallion, named 'Dewey,' whose registered number is 72743, and that they are still at this time the owners and entitled to the immediate possession of said stallion and have been ever since and prior to the bringing of this action; that due and legal demand was made of defendant, W. L. Hinton, for the possession of said stallion, before the bringing of this suit, but he, the said defendant, failed and refused, and still fails and refuses, to deliver said stallion to these plaintiffs, or either of them, and therefore these plaintiffs allege and state that said defendant is in wrongful possession of said stallion, and these plaintiffs are wrongfully and illegally deprived of his possession."

The plaintiffs further allege that they are entitled to damages for the usable value of said stallion, and ask for judgment for the return of said stallion, or his value in the sum of $500, and for damages for the usable value of said stallion in the sum of $1.300, and costs of action.

Defendant interposed a general and special demurrer containing the following assignments of error: (1) That the amended petition does not state facts sufficient to constitute a cause of action; (2) that the allegations contained in petition of plaintiffs in regard to damages do not comply with an order of the court previously entered in said cause requiring plaintiffs to make their petition in regard to alleged damages more definite and certain.

On the 4th day of September, 1916, the court, in the absence of plaintiffs or their attorney, sustained the demurrer of defendants to the plaintiffs' amended petition, dismissed said cause, and taxed the plaintiffs with the cost of the action in the sum of $22.05. At the same term of court on the day of September, 1916, plaintiffs filed their application in said cause to have the order of the court sustaining the demurrer and dismissing said cause set aside. The trial court refused to set aside the order sustaining the demurrer of defendant to the plaintiffs' amended petition and order dismissing said cause. From this judgment sustaining the demurrer and dismissing said cause and overruling said motion, the plaintiffs appeal.

Plaintiffs assign as error: (1) That the court erred in sustaining the demurrer of defendant to the plaintiffs' amended petition, and in dismissing plaintiffs' cause of action; (2) that the court erred in refusing to set aside its judgment sustaining the demurrer to plaintiffs' petition and dismissing said cause.

The petition of the plaintiffs clearly states facts sufficient to constitute a cause of action. A petition in replevin which contains the allegations that the plaintiffs are the owners and entitled to the immediate possession of the property in controversy and describing the said property, and alleging defendant wrongfully withholds the possession of such property from plaintiffs, states facts sufficient to constitute a cause of action, and is good against a general demurrer. Stone v. American Nat. Bank, 34 Okla. 786, 127 Pac. 393. The allegations in regard to damages are clearly sufficient. As the petition stated facts sufficient to entitle plaintiffs to possession of the property in controversy, even if it had been fatally defective in regard to damages, it would still be good against a general demurrer. A casual reading of the petition discloses the fact that it was sufficient and that the general and special demurrer was frivolous. The court clearly erred in arbitrarily sustaining this demurrer, and arbitrarily dismissing plaintiffs' cause of action and taxing the costs against them.

Therefore the judgment of the trial court should be reversed, with directions to set aside the order sustaining the demurrer to plaintiffs' petition and the order dismissing said cause, and to reinstate said cause.

By the Court: It is so ordered.