**PAYNE, Director General of Railroads, etc., v. MOORE, Adm'x.**

No. 12530—Opinion Filed May 30, 1922.

(Syllabus.)

**1. Trial—Refusal of Instructions Covered.**

The refusal of the court to give instructions which properly state the law is not reversible error, if substantially the same proposition of law is stated in other instructions given, and where the charge of the trial court, as a whole, properly states the law.

**2. Same—Railroads—Collision — Judgment for Damages—Affirmance.**

Record examined, and held, that the same contains no reversible error. The judgment of the trial court is therefore affirmed.

Error from District Court, Lincoln County; Edward Dewes Oldfield, Assigned Judge.

Action by Cora M. Moore, administratrix of estate of E. A. Moore, deceased, against John Barton Payne, Director General of Railroads, etc., for damages for negligent death of E. A. Moore, etc. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, Kleinschmidt & Grant, and Herman S. Davis, for plaintiff in error.

Joseph I. Pitchford and Stone, Moon & Stewart, for defendant in error.

JOHNSON, J. This appeal is prosecuted from an order of the district court of Lincoln county, Okla., overruling a motion for a new trial in the case of Cora M. Moore, Administratrix of the Estate of E. A. Moore, Deceased, v. John Barton Payne, Director General of Railroads and Agent Designated under Section 206 of the Transportation Act of 1920.

Cora M. Moore, as administratrix of the estate of E. A. Moore, deceased, recovered a judgment in the district court of Lincoln county, Okla., in the sum of $7,000 as damages suffered by her on account of E. A. Moore. being killed near Okmulgee, Okla., on the 26th day of July, 1919. The plain-

tiff also recovered the sum of $500 as damages to the estate of E. A. Moore, deceased, by reason of the destruction of an automobile on the 26th day of July, 1919, at the time the said E. A. Moore was killed, in a collision with a freight train that was being operated by the defendant's predecessor, Walker D. Hines.

We will refer to the parties as they appeared in the trial court; that is, Cora M. Moore, plaintiff, and John Barton Payne, as defendant.

The defendant's specifications of error, as contained in his brief, are as follows:

"(1) The said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) The said court erred in refusing to sustain a demurrer to the evidence of the defendant in error.

"(3) The said court erred in refusing to direct a verdict for the plaintiff in error.

"(4) The said court erred in refusing to give the special instructions submitted by the plaintiff in error, which instructions were numbered as follows: Nos. 1, 2. 3. 4, 5. 6, 7, 8, 9, 10, 15, 17. 18, 19, 20, and 21."

Concerning which counsel say in their brief:

"There are four assignments of error, which, for the purpose of brevity, may be considered under two heads:

"(1) Error of the court in overruling the motion of the defendant for a new trial.

"(2) Error of the court in refusing to give certain special instructions tendered by the defendant.

"We will first present our view as to the second proposition."

Then counsel set out in their brief requested instructions refused by the trial court from 1 to 10, inclusive, and 15, 17, 18, 19, and 20, after which the same are abandoned by counsel except as to requested instructions Nos. 1, 5, 6, 7, 8, 9, 17, 19, and 20, which they specifically argue and cite authorities in support thereof, after which counsel for defendant state in the concluding paragraph of their brief as follows:

"In view of the fact that there is not a line of evidence offered by the plaintiff to prove that the deceased looked and listened for an approaching train, or that he was in the exercise of ordinary care when the collision occurred, the verdict in this case is contrary to law as laid down by the trial court. It is also contrary to the rules in reference to ordinary care that have been announced in the numerous decisions of the

Supreme Court of Oklahoma, two of which have heretofore been cited. It was the duty, therefore, of the trial court to set aside the verdict in this case for the reason that it is contrary to law."

Counsel for the defendant make no substantial complaint or argument in their brief that the instructions of the court to the jury were erroneous. The only error of which they complain is the refusal of the trial court to give to the jury the defendant's requested instructions specifically named above.

We have carefully examined the instructions of the trial court and it is our opinion that the same fairly, quite clearly, and correctly stated the issues involved in the case to the jury, and the instructions to the jury covered the questions contained in the requested instructions of the defendant that were refused by the trial court, and hence there was no error in the trial court's refusal to give the requested instruction.

Such has been the rule announced by this court in numerous decisions. In the case of Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 150 Pac. 1042, in syllabus, paragraph 2, the court stated:

"It is not error for the trial court to refuse a requested instruction to the jury as to law that is fairly given, although in another form, in the general instructions."

In Tishomingo Electric Light & Power Co. v. Gullett, 52 Okla. 180, 152 Pac. 849, the court announced the rule in the 3rd paragraph of the syllabus as follows:

"The refusal of the court to give instructions which properly state the law is not reversible error, if substantially the same proposition of law is stated in other instructions given, and where the charge of the trial court, as a whole, properly states the law."

Many other decisions of this court, both before and after the cases cited, supra, to the same effect may be cited. There is competent evidence which reasonably tends to support the verdict.

In view of the record and the cases cited, we are clearly of the opinion that the trial court committed no error in refusing the requested instructions of the defendant and in overruling the defendant's motion for a new trial. The judgment of the trial court is therefore affirmed.

McNEILL, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.