## COCHRAN et al. v. OLIVER.

No. 11677—Opinion Filed Sept. 18, 1923.

### 1. Bills and Notes—Matters of Defense—Failure of Consideration.

Section 7698, Comp. Stat. of 1921, provides: "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

### 2. Same—Answer — Requisites — Demurrer.

Where defendants in a suit on a promissory note file an answer setting up a contemporaneous oral agreement made at the time

the note and deed were given and attempt to show by their answer that they had paid out in the prosecution of certain suits various sums of money to clear the title, and allege that under said contemporaneous oral agreements the plaintiff was to share the expenses of any proceeding necessary to clear the title to the land conveyed and for which the note was given, and said answer does not state what the expenses were and states no facts by which the court could determine the amount of such expenses, said answer is bad on demurrer.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Mayes County; E. F. Lester, Assigned Judge.

Action by Lela C. Oliver against R. L. Cochran and Ida M. Cochran. Judgment for plaintiff, and defendants appeal. Affirmed.

Plaintiff, Lela C. Oliver, sued defendants, R. L. Cochran and Ida M. Cochran, on a promissory note, for $2,272.25, dated February 1, 1918, due January 1 after date with interest at five per cent. from date. Interest was paid January 1, 1919, and suit was instituted September 24, 1919. On January 12, 1920, defendants filed answer. Plaintiff filed motion to make answer more definite and certain which was sustained, and defendants amended by interlineation. Plaintiff then demurred to the answer, as amended, which was by the court sustained and defendants given ten days to file the amended answer, which, omitting the formal parts, is as follows:

"For further answer and by way of their further defense defendants state that the defendant, Ida M. Cochran, is a daughter of C. Hayden and Rebecca C. Hayden, now deceased, as is also the plaintiff, and the note sued upon was given pursuant to a division of lands, as among the heirs of C. Hayden and Rebecca C. Hayden, in the course of which said division the defendant, Ida M. Cochran, received the following described lands, situated in Mayes county, Okla., to wit: The northwest quarter of northwest quarter; and west half of northeast quarter of northwest quarter of section fourteen (14), township twenty (20) north, range eighteen (18) east, and hereinafter referred to as the Ola Houston allotment: also the east half of southeast quarter of northwest quarter, of the aforesaid section hereinafter referred to as the Samuel Stop allotment: also the west half of southwest quarter of northwest quarter, of the aforesaid section hereinafter referred to as the Sallie Stop allotment."

The said defendant, Ida M. Cochran, having received deed from plaintiff, and the remaining heirs of the estates of C. Hayden and Rebecca C. Hayden, covering the lands hereinbefore described, and there is hereto attached a copy of said deed, and it is marked defendant's Exhibit "A", and made a part of this answer.

And it was specially understood and agreed by and between the heirs aforesaid, that defendants should be protected in their ownership of the aforesaid real estate, not only as against the lands, but as against any unmarketableness of the title thereto. Said agreement was oral, and the substance thereof was to the effect that the defendants would have to borrow some money in order to make payment that was due from them to the plaintiff, and the other heirs, on account of the execution of said deed, and that submitting an abstract of the title to said lands, in connection with said loan, would determine the question as to whether the title to said lands was marketable, and if it proved to be not marketable, then defendants were to have an extension of time on the payment of said note, and the plaintiff would bear pro rata share of any and all expense necessary to perfect the title to said lands, and secure the ownership and enjoyment thereof unto the defendants, and that the estate aforesaid should protect defendants in their enjoyment and ownership of said lands to the point of making the title thereto marketable. Said agreement was made at time note sued upon was made, February 1, 1918, and as a part and parcel of said transaction, and the delivery of said note was conditioned upon the carrying out of the agreement and undertaking aforesaid, with reference to perfecting the title to the real estate and premises hereinbefore described.

That pursuant to the aforesaid agreement, defendants had an abstract compiled covering the aforesaid and other lands, and submitted it to the State School Land Department, along with an application to borrow money, and in the course of said negotiation it developed that the title to the above described lands was not marketable in the defendants, and was not marketable in the estates aforesaid, and was not marketable in the plaintiff and the other heirs of said estates, and thereupon defendants notified the other heirs, including the plaintiff herein, that defendants should have such steps taken as were necessary in order to perfect the title to said lands, and that the estates aforesaid should pay all expense of said perfection, and the individual heirs, one of whom was the plaintiff, should bear their pro rata share of such cost.

The Ola Houston land, aforesaid, was deeded by the Cherokee Nation to Ola Houston,

the Cherokee allottee thereof, and title was claimed to said land, by the estates aforesaid, not by virtue of any deed emanating from the aforesaid Ola Houston, but by deed emanating from persons claiming that Ola Houston was not living and that they were her only heirs, and it was therefore urged against said title that there should be an administration proceeding upon the estate of Ola Houston, for the purpose of determining the question of heirship to her estate, and pursuant to the agreement hereinbefore set out, this administration proceeding was instituted and considerable expense incident thereto incurred.

The Samuel Stop allotment, aforesaid, was deeded by the Cherokee Nation to the said Samuel Stop, and title thereto now rests on deeds emanating not from Samuel Stop, but from persons claiming themselves his heirs, and the same objection was urged to title thereto, for the same reason, and the same proceedings had in relation to the title thereto, as to the Ola Houston allotment.

The Sallie Stop allotment, aforesaid, was deeded to Sallie Stop, by the Cherokee Nation, and title thereto rests on deed not from Sallie Stop, but from persons claiming themselves her heirs, and there is now pending in the district court of Mayes county, Okla., a lawsuit wherein one Lydia Ballew claims to own an undivided one-third interest in the Sallie Stop lands aforesaid, by virtue of the fact that she says she was one of Sallie Stop's heirs, and she never joined in any deed to anybody conveying her interest in said lands.

The two administration cases aforesaid, to wit, the one on the estate of Ola Houston, and the one on the estate of Samuel Stop, deceased, were pending at the time plaintiff filed this suit, and that fact was well known to the plaintiff, and the claim of Lydia Ballew to an inheritable interest in the Sallie Stop land aforesaid, was being urged by the said Lydia Ballew at the time plaintiff filed her suit herein, and that fact was well known to the plaintiff, and the heirship question in the two administration cases aforesaid, was not had and determined until the 9th day of December, 1919, and the question of Lydia Ballew's claim of interest in the Sallie Stop allotment has not yet been determined, and none of the expenses incident to the aforesaid litigation have yet been paid, except such as have been paid by these defendants individually.

Defendants further state that when the title to the aforesaid lands is made marketable, and the expense and cost incident thereto

has been paid by the estates of C. Hayden, and Rebecca C. Hayden, or by their heirs proportionately, as agreed to be done by and between the plaintiff and the other heirs of said C. Hayden and Rebecca C. Hayden, then the amount sued for by the plaintiff herein will be due and payable to her, and not before.

That by reason of the matters and things hereinbefore set out, plaintiff's suit is prematurely brought.

To this amended answer plaintiff filed a general demurrer, which was sustained by the court, and the defendants excepted and declined to plead further and elected to stand on their amended answer and judgment was entered for plaintiff for amount due on said note. Defendants excepted and gave notice of appeal and in due time lodged a transcript with petition in error attached in this court, and have assigned seven errors, which all go to the sustaining of the demurrer to defendants' amended answer and may be considered together as that is the only point argued in the brief of plaintiff in error.

Langley & Langley, for plaintiff in error.

Harry Seaton, for defendants in error.

Opinion by MAXEY, C. Defendants in error rely on section 4078, Rev. Laws 1910, (section 7698, Comp. Stat. 1921), which reads as follows:

"Failure of Consideration as Defense. Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Under this action the matters attempted to be set up in the answer as a defense to the note sued on would be available if they were properly pleaded, but the answer is fatally defective. It sets up two distinct matters, the first being that at the time this suit was brought there were two proceedings pending in the county court of Mayes county to determine the heirs of Ola Houston and Samuel Stop, and that these proceedings were not finally determined until December 9, 1919, after the suit was commenced on September 24, 1919, but before the amended answer was filed, so that the amount of the expenses incurred in these proceedings could have been easily ascertained at the time the amended answer was filed on January 29, 1920, but defendants nowhere state in their amended answer what these expenses were, nor does

the answer state any facts by which the court could estimate the expenses. This part of the answer is in the nature of a plea in abatement, and while forms of common-law pleas are abolished by the Code, the substance remains the same. It may be said that the Code is more liberal than the common-law rule, and we are not held to the same strictness required in common-law pleadings, yet there is certainty required under both systems of pleading, and that part of the answer setting up the two administration proceedings to determine the heirs of Ola Houston and Samuel Stop, and alleging that defendants had had to bear the cost and expense of such proceedings, without stating the amount of such expenses, or some amount, rendered that part of the answer bad.

That part of the answer sets up that since the commencement of this suit one Lydia Ballew had brought suit in the district court of Mayes county, where this suit was pending, claiming that she was an heir of Sallie Stop and entitled to an undivided one-third interest in the Sallie Stop allotment, and that said suit was still pending at the time the amended answer was filed, and at the time this suit was tried, and that the defendants had employed counsel to defend said suit and would have to bear the expense of defending said suit, but nowhere states what expenses they have incurred nor what the probable expenses would be. Nor do they state what the value of the one-third interest would be in case Lydia Ballew was successful in her claim. That part of the answer setting up the Lydia Ballew claim is in the nature of a plea puis darrein continuance, which is another form of a plea in abatement to set up matters occurring after the commencement of the suit, but it is also bad for uncertainty as it pleads no amount that defendants have expended or would be liable to expend, and fixes no value on the interest claimed by Lydia Ballew.

We, therefore, conclude that the demurrer to the answer was properly sustained, and that the judgment of the court below should be in all things affirmed.

By the Court: It is so ordered.