## BOLON v. MASSEY et al.

No. 12806—Opinion Filed Jan. 22, 1924.

(Syllabus.)

**1. Evidence—Parol Evidence Varying Written Contract.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter, which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact in its procurement, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

**2. Same—Terms of Sale.**

Where a written contract provides for the sale of an automobile at a discount of $225 off the present delivery price, it is inadmissible to show that at the time of execution of the written contract an oral agreement was made providing that should a decline in price on the car take place between certain dates, an additional discount would be allowed in the amount of the decline in price within certain periods, as such oral agreement adds to and varies the terms of the written contract.

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by Park Bolon against T. S. Massey and another, partners. Judgment for defendants, and plaintiff brings error. Affirmed.

Massingale & Duff, for plaintiff in error.

Darnell & LeRue, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendants in error to recover the sum of $270. It was alleged by the plaintiff in error that he entered into a written contract with the defendants in error for the purchase of automobiles, which written agreement was as follows:

"This agreement made this 27th day of October, between the Massey-Buick Company of Clinton, Okla., and Park Bolon, of Sentinal., to wit. That the Massey-Buick Company are to give to Park Bolon exclusive sale of Buick automobiles in a certain territory as shown by map attached, at a discount of $225 off the present delivery price and so long as the present price prevails, also the Massey-Buick Company agree to give to Park Bolon, a direct contract at any time he so desires for the territory outlined above."

The plaintiff in error contends that he purchased a Buick automobile from the defendants in error under this written agreement, and in pursuance of a further oral contract entered into at the same time between the parties, under which the defendants in error agreed that in the event Buick automobiles of the model and kind purchased by the plaintiff in error should decline in price prior to July 1, 1921, and before the plaintiff in error should sell said car, defendants in error would refund to the plaintiff in error such amount said automobile might decline in price within said period. It was further alleged that the car declined in price within the period covered by the oral agreement in the amount of $270. The trial court sustained a demurrer to the petition and rendered judgment for the defendants, from which the plaintiff in error has appealed.

The demurrer was sustained by the trial court on a theory that the written contract superseded all the oral negotiations and stipulations concerning the terms and subject-matter of the contract, and the oral contract pleaded by the plaintiff in error could not vary, alter, or add to the terms of the written instrument. The plaintiff in error relies upon Mackin v. Darrow Music Company, 69 Okla. 1, 169 Pac. 497; A. T. & S. F. Ry. Co. v. McClusky, 30 Okla. 711, 120 Pac. 985; and Cochran v. Oliver, 92

Okla. 109, 218 Pac. 687. The facts in the instant case do not bring the case within the rule announced in those cases and other similar cases by this court, but this case is controlled by the decision in Stebbins v. Lena Lumber Company, 89 Okla. 244, 214 Pac. 918, in which the court distinguished between the principle here involved and that involved in the cases relied upon by the plaintiff in error. In that case the court said:

"It would have been an easy matter to have included in the lease contract a provision that the lessors were to aid the lessee in raising the necessary funds to make the improvements provided for in the contract. No such provision having been included in the written contract, the lessee will not be permitted to escape performing his contractual obligation by establishing a collateral parol agreement inconsistent with the terms of the written lease."

In the instant case the written contract provided for a definite discount on the automobile purchased, and the oral agreement pleaded provided for a discount in addition to that provided for in the written contract, and in our opinion was inconsistent with the terms of the written contract.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.