### PACKARD OKLAHOMA MOTOR CO. v. FUNK.

No. 15725—Opinion Filed Nov. 10, 1925.

Rehearing Denied March 23, 1926.

**1. Evidence—Parol Evidence of Contemporaneous Oral Agreement Consistent with Written Contract—Sufficiency of Petition on Contract.**

While parol testimony is inadmissible to change or contradict the terms of a written contract, yet a parol contract may be made between the parties contemporaneously with the execution of a written agreement, providing it is separate and independent, and its terms are in no way conflicting with or contradictory to the written stipulation, and where the petition alleges a contract partly in writing and partly parol, and such petition does not show upon its face that the alleged parol portion of the agreement is in conflict with, or contradicts, or is repugnant to the written contract, such petition is good as against demurrer urged upon the ground that it is an attempt to alter or change the terms of a written contract by a contemporaneous oral agreement.

**2. Sales—Date of Execution of Writing—When Question for Jury.**

Where two written instruments have relation to the purchase and sale of specific personal property, one of such written instruments being undated and the other bearing the date of its execution, and it is contended by plaintiff that they were signed on the same day and date and this is denied by defendant, a question of fact is presented for determination by a jury in a law action.

**3. Same—Duration of Option to Cancel Purchase—Parol Evidence.**

Where the undated written instrument gives to the purchaser of personal property an option to cancel the order or purchase, and the written instrument is silent as to the time when such option should expire, and a second instrument, bearing a date, is executed by the same parties with reference to the same subject-matter, and such second instrument does not in express terms or by necessary implication supersede the first instrument, and fixes no time for the expiration of the option of cancellation, the question of such time expiration may be proven

by parol and is a question of fact for determination of the jury in a law action, from all the evidence attending the transaction.

**4. Evidence—Parol Evidence to Explain Writing—Duration of Option to Cancel Purchase.**

Where the terms of a written instrument, viewed in the light of all attendant circumstances, are ambiguous, uncertain, or obscure with reference to the termination date of an option of cancellation stated therein, parol evidence is admissible to explain and clarify the terms and to fix the time or circumstances of the termination of such option.

**5. Appeal and Error—Conflicting Evidence—Verdict Conclusive.**

Where evidence is conflicting, this court will not review the evidence for the purpose of determining the weight thereof, but where there is any competent testimony reasonably tending to support the verdict of the jury, and the facts are submitted to them, under proper instructions from the court, the verdict will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners Opinion, Division No. 3.

Error from District Court, Tulsa County; Enloe V. Vernor, Assigned Judge.

Action by John Funk against Packard Oklahoma Motor Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Kleinschmidt & Johnson, for plaintiff in error.

Caruthers & Irwin, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court. Plaintiff brings his action to recover $1,965.72, with interest from October 20, 1921, and alleges he entered into a contract, partly in writing, consisting of two separate instruments, and partly parol, whereby the plaintiff agreed to purchase an automobile truck from defendant for the sum of $4,345.-10, and under the terms of the oral portion of the agreement, it was agreed that if the truck was left in the possession of the defendant, plaintiff might at any time he so desired, before payment in full of purchase price was completed, demand back and receive the full amount which he had paid; that he paid $1,965.72, and on October 20, 1921, he exercised his option to cancel the contract of purchase, and demanded of defendant the amount paid; that the notice of cancellation and demand were in writing, but defendant refused to return the money so paid.

Defendant's answer admits that on August 6, 1920, it sold to plaintiff one Packard truck,

No. 177711, Model "C," in accordance with the terms of a conditional sales agreement of that date, and attaches copy; admits payment of $1,935.72, but denies that plaintiff at any time subsequent to August 6, 1920, had any option, right, or privilege to cancel said contract. Defendant further alleges that prior to August 6, 1920, plaintiff placed an order for one 2 1-2 ton truck, and paid a deposit of $248.10, and by the terms of this written order "plaintiff was entitled to cancel the order at any time under the conditions mentioned therein before the specific truck was accepted by plaintiff and paid for by him, delivery having been made in accordance with the terms of said order, and on August 6, 1920, plaintiff accepted the truck and gave his ten certain promissory notes for $286.27, and agreed to pay $1,-482.42, less the amount of his initial deposit of $248.10, but plaintiff being unable to pay the $1,482.42, it was agreed orally that defendant should retain possession of the truck until the balance of the $1,482.42 was paid; that plaintiff paid six of the ten notes and then requested defendant to sell the truck for him, as he had no use for it, but that they were unable to sell the truck.

The cause was tried to a jury, and verdict returned and judgment rendered for plaintiff, and defendant appeals and presents its assignments of error under three several propositions: The first is directed against the court's judgment overruling the demurrer to the petition, the demurrer to the plaintiff's evidence, and to the sufficiency of the evidence.

Defendant relies upon and cites section 5053, C. O. S. 1921, which provides:

"The execution of a contract in writing, whether the law requires it to be in writing or not, supersedes all oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument"

—and also section 5081:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Defendant also cites and quotes from Union National Bank v. Lavacota Oil & Gas Co. 89 Okla. 258, 213 Pac. 869; Deming Investment Co. v. Shawnee Fire Insurance Co., 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N.S.) 60; Stebbins v. Lena Lumber Co., 89 Okla. 244, 214 Pac. 918; Bolen v. Massey, 101 Okla. 8, 222 Pac. 685; and we have examined and compared the cases cited with the case under review and the same are not authorities for sustaining a demurrer to the plaintiff's petition.

There can be no question about the right of parties to enter into an oral contract, a written contract, or a contract partly in writing and partly parol.

In Mackin v. Darrow Music Co., 69 Okla. 1, 169 Pac. 497, this court held:

"While parol testimony is inadmissible to change or contradict the terms of a written contract, yet a parol contract may be made between the parties contemporaneously with the execution of a written agreement, providing it is separate and independent, and its terms in no way conflicting with or contradictory to the written stipulation."

The case cited involved the purchase of a piano, upon payment of $30 cash, and a promissory note for the balance, payable $10 monthly, and the oral agreement was that the defendant pay the installments in services, to wit, hauling for the music company, and the plaintiff failed to furnish the hauling to be done by defendant.

See, also, First National Bank of Buffalo v. Ward, 91 Okla. 33, 215 Pac. 792; Stone v. Spencer, 79 Okla. 85, 191 Pac. 197; Jesse French Piano Co. v. Bodowitz, 73 Okla. 87, 174 Pac. 766; Holmes v. Evans, 29 Okla. 373, 118 Pac. 144; O. K. Transfer & Stor. Co. v. Neill, 59 Okla. 291, 159 Pac. 272; Smith v. Bond, 56 Okla. 112, 155 Pac. 1116; Edwards v. City National Bank, 83 Okla. 204, 201 Pac. 233.

In 10 Ruling Case Law, 1059, it is said:

"The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations differing in important particulars from those contained in the paper, and after the paper has been signed, attempt to compel a literal compliance with its terms, regardless of the contemporaneous agreement without which it would not have been signed at all."

In the instant case, the petition alleged the original order or "pink slip" signed by the plaintiff and prepared and furnished by the defendant contained the following: "If cancellation of this contract is desired, it shall be by written notice, and deposit shall be returned to purchaser," and stamped across the face of this contract were the words: "Prices stipulated subject to change without notice with option to purchaser of cancelling order," and this option of cancellation, it is alleged, continued throughout the dealings, until the truck was actually delivered to and accepted by the plaintiff. We there-

fore are constrained to hold the petition stated a cause of action and was good as against demurrer. To this petition defendant filed its answer, admitting the payment of six notes; the payment of $248.10 deposit of the $1,482.40 cash deposit required; and that there was an oral agreement as to the possession of the truck until the balance of the $1,482.40 or $1,234.30 was paid, and it would thus appear from the defendant's admission that the conditional sales contract, reciting that $1,482.40 should be paid in cash, had been changed by parol by the oral agreement to accept $248.10 instead of $1,482.40.

It appears the plaintiff had heretofore purchased two trucks from the defendant under similar contracts, and we assume he paid for them.

The evidence of plaintiff and his bookkeeper is to the effect that the agents of the defendant came to plaintiff's place of business in Okmulgee, and told him there would shortly be an advance in the price of these trucks, and if he wanted another truck he had better order immediately, and they (it) the defendant would protect him. Plaintiff explained his position, and said he did not have $1,482.42 to pay down on the truck, and they agreed to take the $248.10 and hold the truck until he could pay the balance. The testimony of plaintiff and his bookkeeper is very positive and definite as to the conversation with reference to the option to cancel the order, and this is not denied by defendant, and the "pink slip" containing the cancellation provision was accordingly signed. Plaintiff and his witness testify all papers were signed on the same day and date, but this is denied by defendant, who says the conditional sale contract was signed about 15 days after the order contract. Be that as it may, this was a question of fact for the jury, and there was sufficient evidence to warrant the court in submitting the question to the jury, and the demurrer to the evidence was properly overruled.

Defendant's witnesses testify they kept the truck for one year, and could have sold it on several occasions, but were holding it for the plaintiff, but within a short time after plaintiff was unable to take up his seventh note, defendant sold the truck at public auction and bought it in. What was paid for the truck does not appear in the record, but witnesses testify it was "much less than plaintiff owed on it," and plaintiff still owed the difference. That the price of trucks went up after this deal was made, but in a short time they "dropped" clear down below what the original price was.

The salesmen who made the deal testified that Funk asked particularly about the option of cancellation, and "we told him he had the privilege of canceling that order, and nothing was said about the length of time he would have to cancel in." There was some slight conflict in the evidence, but only as to when the plaintiff's right to cancel the order expired, and it appears that it would have been a very easy matter, if the defendant intended that the right to cancel the order should extend only up to the time of signing the conditional sales contract, to have so stated on the "pink slip," wherein the cancellation option appeared.

We think there was sufficient competent evidence to warrant the submission of the case to a jury, and where the evidence is conflicting, this court will not weigh the evidence for the purpose of ascertaining where the preponderance lies, but if there is any competent evidence reasonably tending to sustain the verdict, and the cause is submitted to the jury upon proper instructions as to the law governing the case, the verdict will not be disturbed on appeal.

The refusal to give certain instructions is assigned as error. The first was a peremptory instruction for defendant. The second would have instructed the jury that if they found plaintiff's exhibit No. 1 (pink slip), was signed prior to the signing of the conditional sales contract, and was only a preliminary order blank, Exhibit No. 1 could not be considered by the jury.

The instruction does not state the law under the particular facts and circumstances. Exhibit No. 1 bore no date, and bearing no date, it could have been intended to be a part of or attached to the conditional sales contract, which was dated August 6, 1920, and that both instruments were executed on the same day and date, as testified to by plaintiff and his bookkeeper, and constituted but one contract, or it might have been executed at a prior date, as testified to by defendant's witnesses, but this was not a question of law for the court to determine, but a question of fact for the jury, but the fact remains that Exhibit No. 1 did contain a reference to the option of cancellation in three places as follows: First. "If cancellation of this order is desired it shall be by written notice and deposit shall be returned to purchaser." Again: "Should this order for any reason be canceled," and then across the face there was stamped with a rubber stamp, "Prices stipulated subject to change without notice with

option to purchaser of cancellation of order," and if to this had been added "at any time prior to the execution" of the conditional sales contract, this case would not have been before us on this question.

Defendant's witnesses testify that when the order was signed, plaintiff inquired specifically about his right to cancel the order, and further testified the time of expiration of such cancellation option was not fixed, and we are inclined to view the question more as the construction or interpretation of the written contract than as one wherein it is sought to vary or alter the terms of a written contract.

Section 5050, C. O. S. 1921, provides:

"A contract may be explained by reference to the circumstances under which it was made, and to the matter to which it relates."

Section 5039, C. O. S. 1921, provides:

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting so far as the same is ascertainable and lawful."

Section 5052, C. O. S. 1921, provides:

"If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it."

There was no uncertainty relative to an option of cancellation having been given, but there was an uncertainty as to the time this option expired, and the time of its expiration, under the circumstances, was a question of fact to be determined from the evidence, and to have given the requested instruction would have been an invasion of the province of the jury.

Instructions Nos. 3 and 6, given by the court and excepted to by defendant, relate to changing or modifying a written agreement by an oral one, and to the burden of proof.

We think instructions Nos. 1, 4, 5, and 6, as given by the court, fully covered the points contended for by defendant and correctly stated the law, and we find no error in refusing to give the instructions in the language used by defendant in preparing such requested instructions. Where instructions as a whole fairly state the law applicable to the case and submit the respective theories of the parties as made under the pleadings and the evidence, it is not error to refuse a requested instruction. O'Quinn v. Nothoff, 85 Okla. 215, 205 Pac. 498; Payne v. Moore, 86 Okla. 188, 207 Pac. 558; Snouffer v. First National Bank of Medford, 86

Okla. 190, 207 Pac. 458; Seamans Oil Co. v. Davis, 87 Okla. 14, 208 Pac. 802; Colonna v. Eiseman Mfg. Co., 98 Okla. 107, 224 Pac. 181.

Defendant excepts to the giving of instructions Nos. 2, 4, 8, and 10. Instruction No. 2 is to the effect that if the jury believed from the evidence that the contract was signed and delivered to the defendant, with the right reserved to plaintiff to cancel the order, and have the amount paid by him returned to the plaintiff upon written notice of cancellation and before delivery of the truck to the plaintiff, and that such written notice was given, the conditional sales agreement was delivered upon condition and was not binding upon the plaintiff so long as under the terms of said agreement between the parties he had the right to demand the return of the money. Defendant does not attempt to point out the error of this instruction, but cites Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904, and an examination of that case discloses the question here involved was not decided and the cited case is not authority on the point, and under the facts and circumstances in the instant case we find no reversible error in the giving of the instruction complained of.

Instruction No. 4, given by the court and excepted to by defendant, advises the jury that if they find from the preponderance of the evidence that the writing, when read in the light of attendant facts and circumstances, is shown to have only a part of the agreement entered into between the parties, parol or oral evidence is admissible to show what the rest of the agreement was, and such parol or oral evidence must be considered in rendering a verdict, provided such parol or oral evidence is not in conflict with or repugnant to the intention of the parties as shown by the written instrument.

Defendant presents no argument or authorities, but directs our attention to section 5081, C. O. S. 1921, as covering this point, and as has been said in another part of this opinion, the question was one of intention of the parties; that is, whether the option of cancellation extended down to the time when the cash payment of $1,482.42 should have been made, and it being uncontroverted, that the time of this cash payment having been extended by parol, the question of whether or not, under all the attendant facts and circumstances, the option of cancellation was extended, was a question of fact for the jury, and was properly submitted to the jury, and was not in conflict with or repugnant to, the intention of the parties as disclosed by the written instrument.

Instruction No. 8, as given by the court, was excepted to and assigned as error, and related to a "failure of consideration," defining the term. It is true, the giving of an instruction upon an issue not raised by the pleadings or the evidence, and which will probably confuse the jury, constitutes prejudicial error. St. L. & S. F. Ry. Co. v. Dobyns, 57 Okla. 643, 157 Pac. 735; El Reno Wholesale Groc. Co. v. Keen, 93 Okla. 198, 220 Pac. 653. The facts in the cited cases are so at variance with those in the instant case as to be of little value except in announcing the general rule. In the instant case, the evidence disclosed the market price of the truck was $4,345.10, upon which the plaintiff had paid $1,965.72, leaving a balance of· $2,379.38, and the defendant sold the truck for less than the balance due, and there was a question, under all the facts and circumstances, as to whether there was a failure of consideration, to wit, whether the defendant had agreed to hold the truck until the $1,234.30, being the balance of the cash payment required under the contract, was made, and its failure so to do, if such was proven by the evidence, would warrant the giving of the instruction. However this may be. the issues were clear cut, and the instruction as given, viewed in the light of all other instructions, could not have confused or misled the jury, and was not prejudicial to the defendant.

It was alleged, and uncontroverted testimony introduced to prove, that plaintiff had given defendant written notice on October 20, 1921, of his intention to exercise his option of cancellation, and demanded the return of his money, and instruction No. 10, complained of, instructed the jury that if they found for the plaintiff, they might allow as part of the judgment, interest at the rate of 6 per cent. per annum from the date of the notice. We find no error in the instruction.

Assignments of error Nos. 6 and 7 are: First, the court erred in admitting evidence on the part of the defendant in error; and second, the court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error, but as the defendant does not set out, under this assignment of error, the evidence admitted or rejected, we are not advised as to whether the ruling of the trial court thereon was or was not error, and this assignment of error will be deemed to have been waived.

We have given careful consideration to the record in this case, ever mindful of the solemnity of written contracts, and of the rule that oral evidence may not be introduced to vary, alter, or contradict the terms thereof, with a desire to maintain the rule in all its force, but at the same time, we have not been unmindful of the exception to the rule, and the rule and the statutes of this state relative to the interpretation of written contracts where the same are ambiguous, or where the intention of the parties is uncertain or obscure viewed by all the attendant facts and circumstances, and have arrived at the opinion that the instant case comes within the rule and the statutes last referred to, and for the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. pp. 1098, § 1459; 1245, § 1662; 1248, § 1663; 1254, § 1667; anno. 17 L. R. A. pp. 272, 273; 10 R. C. L. pp. 1035-1037; 2 R. C. L. Supp. p. 1143; 4 R. C. L. Supp. p. 687; 5 R. C. L. Supp. p. 584. (2) 13 C. J. p. 782, § 988 (Anno). (3) 13 C. J. p. 785, § 997; 22 C. J. p. 1245, § 1662. (4) 22 C. J. pp. 1173, 1175, § 1570. (5) 4 C. J. p. 858, § 2836; 2 R. C. L. Supp. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.