## OKLAHOMA GAS & ELECTRIC CO. v. SMITH.

No. 24613.   Nov. 5, 1935.

Wilcox & Swank, for plaintiff in error.

Walter Mathews, for defendant in error.

PER CURIAM. This was an action commenced in the district court of Payne county, Okla., by the Oklahoma Gas & Electric Company, a corporation plaintiff in error, and against J. R. Smith, defendant in error. The suit was upon a conditional sales agreement, and started as a replevin action. The plaintiff at the commencement of the action caused a writ in replevin to issue and took possession of the property. The petition of plaintiff, in addition to the original agreement sued upon, sets up a second or refinancing agreement, by the terms of which the indebtedness was refinanced and the defendant permitted to make smaller payments. The answer of the defendant was a general denial.

A jury was waived by the parties and the cause tried to the court, which resulted in a judgment in favor of the defendant and against the plaintiff for the return of the property to the defendant upon his making good his tender of $31 balance admitted to be due, or in lieu of the return of the property for its value.

While there are numerous assignments of error, they have been briefed and treated by the parties and are all based upon the proposition that the trial court erred in permitting the introduction of certain evidence. The evidence complained of was offered by the defendant, and was in effect that at the time of entering into the original conditional sales contract there was a contemporaneous oral agreement entered into, by the terms of which it was agreed that $200 of the indebtedness represented by said

530

contract was to be paid by delivering an old refrigerator system to plaintiff's agent. The defendant then claims that he repurchased this from the agent of plaintiff for food tickets and cash of approximately $45 in value; that later he sold the old refrigerator system for $125.

It seems to be admitted by both parties that later the indebtedness was refinanced without mention of any oral agreement or of any claim to a credit by reason of any trade-in of an old refrigerator, and for the full amount of the indebtedness without regard to the oral agreement offered in evidence.

The plaintiff contends that the trial court erred in permitting the introduction of the evidence above mentioned. It says that it is an attempt to vary the terms of a written instrument by parol evidence. The evidence was objected to at the time it was offered, and each succeeding step during the progress of the trial; was raised on the motion for a new trial and assigned as one of the grounds for a reversal of this case in its assignment of error.

The defendant claims that the evidence was offered, not to vary the written contract, but to show the manner it was to be performed, that is, the manner of payment.

Under a general denial in replevin, the defendant may make any defense which will defeat plaintiff's claim or right to possession as against the defendant, and under the Code great liability is allowed in such defense. Broyles v. McInteer, 29 Okla. 767, 120 P. 283; DeHart Oil Co. v. Smith, 42 Okla. 201, 140 P. 1154.

The defendant claims that under the facts in this case the introduction of evidence is governed by the case of Mackin v. Darrow Music Co., 69 Okla. 1, 169 P. 497, and relies almost entirely upon such case for an affirmance of the judgment of the lower court. Quoting from his brief he says:

"The evidence of this credit was offered not to vary the contract, but to show the manner it was to be performed * * * the manner of payment. Besides this credit was only to show on plaintiff's books and was not to be applied except on the last payment. Therefore the defendant could not and did not know that such credit had not been given him on the books of plaintiff as there was more than $200 unpaid on the property at the time of the execution of the second contract."

The general rule is that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which precede or accompany the execution of the instrument, in the absence of accident, fraud or mistake of fact in its procurement; and any representation made prior to or contemporaneous with the execution of the written contract is not admissible to contradict or change or add to the terms plainly incorporated into and made a part of the written contract. Outcault Advertising Co. v. Waurika National Bank, 100 Okla. 96, 227 P. 144; Bolon v. Massey, 101 Okla. 8, 222 P. 685.

The rule announced in Mackin v. Darrow Music Co., supra, is confined to those cases in which it is purely a question of the manner of payment, that is, that certain services were to be performed in lieu of cash payment, and the like, or, practically speaking, admitting that the note or contract represented the amount that was due between the parties, that all or part of the indebtedness was to be paid by performance of labor or in other property.

In this case it will be noted from the evidence that according to the defendant's testimony this was a completed transaction, that is, the trade-in had been agreed upon, the value fixed, and all matters finally concluded before the first contract was signed.

Later a renewal or refinancing contract was executed; in effect, this new agreement provided for the refinancing of the balance of the indebtedness. The new contract was executed without any mention of any claim by defendant as to credits for a trade-in.

In Western Silo Co. v. Pruitt, 94 Okla. 154, 221 P. 106, the court lays down the rule that where one gives a note in renewal of another note, with knowledge at the time of a partial consideration for the original note, or false representation by the payee, he waives the defense and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such fact and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so he is as much bound as if he had actual knowledge.

All the evidence in the case at bar shows that the defendant knew of this transaction he attempts to set up as a defense, at the time the renewal note was executed. In fact, under the evidence he was probably the only one present who did know of the mat-

ter. While it is true that a former agent of plaintiff had actual knowledge and this knowledge is chargeable to plaintiff, the actual agents who took the renewal had no knowledge. Under the facts in the case we think it was the duty of the defendant to speak at the time the renewal was executed.

To permit the introduction of parol evidence to modify the terms of this contract, in the absence of a mistake of fact, fraud or accident, would nullify the purposes of a written contract to the extent that it would be useless to have a written contract. From the evidence, this is not a contemporaneous agreement as to manner of payment, but is an outright modification of the written contract.

For the foregoing reasons, we think the evidence offered was improperly admitted, and that the judgment of the lower court should be reversed.

The cause is reversed and remanded, with directions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys A. S. Dickson, Charles Miles, and R. B. Loofbourrow in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Miles and approved by Mr. Dickson and Mr. Loofbourrow, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.