Mrs. Clyde **WILLIAMS**, a/k/a Rachel Williams, Plaintiff in Error,

v.

J. S. **WILLIAMS**, Defendant in Error.

No. 35281.

Supreme Court of Oklahoma.

June 22, 1954.

Rehearing Denied Sept. 21, 1954.

Mounger & Hogge, Oklahoma City, for plaintiff in error.

Washington & Thompson, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiff brought this action to recover possession of a Chevrolet automobile, or the value thereof. The petition alleged defendant's wrongful detention of the vehicle in the state of Texas on January 17, 1950, and that she still detained same; that plaintiff was the legal owner and entitled to immediate possession thereof and, although due demand had been made, defendant refused to deliver possession to Plaintiff.

Writ of replevin was issued and defendant then moved to require the petition to be made more definite and certain by setting forth the time and manner of plaintiff's acquisition of ownership. Such motion was overruled and defendant answered by general denial.

Plaintiff, his son Clyde, and defendant herein, who was Clyde's wife at the time, were migratory workers who traveled and worked together in Oregon, California and Texas. In December, 1949, these parties were living in a trailer camp near Vernon, Texas. Clyde Williams at that time owned the Chevrolet automobile herein involved, having purchased the car during a period of residence in Texas.

The testimony of Clyde Williams, given by deposition, reflected the following matters. Defendant, who was his wife at the time, had been urging him to settle down, and he had decided to stay in Texas. December 17, 1949, he sold this car to plaintiff for $1,200 cash, the money was counted out in his wife's presence, and he received such payment in their house trailer. Observing a stranger approaching the money was passed over to defendant, whereupon plaintiff and Clyde went outside and met the stranger, a party named Morse, who had come to the trailer to see if he could employ them to pick cotton. After some conversation Clyde borrowed this man's fountain pen, and in the presence of him and plaintiff indorsed the title over to plaintiff. One car key was given to plaintiff and the other was left hanging on a nail inside the house trailer door. They did not accept the employment Morse offered and shortly thereafter moved to a farm near Rotan, Texas, where they picked cotton. On January 17, 1950, plaintiff and Clyde returned from work and found both defendant and the automobile gone. Plaintiff reported the car to the sheriff's office as having been stolen.

Plaintiff thereafter discovered the car in defendant's possession in Oklahoma City and immediately brought this action. Subsequent to defendant's taking the car Clyde Williams secured a divorce from defendant in the state of Texas.

The foregoing matters were established by the deposition of Clyde Williams as well as by plaintiff's testimony. The party

who approached the trailer on the day the trade was made was identified as T. P. Morse, whose testimony was presented by deposition. His testimony was that he saw money change hands as he looked through the trailer window, and he further substantiated the evidence that Clyde Williams borrowed his fountain pen and signed the car title to plaintiff in his presence.

A representative of the Oklahoma Tax Commission testified that an Oregon certificate of title had been issued to Clyde Williams, but that he had not assigned same and no Oklahoma certificate of title should have been issued to defendant in absence of proper assignment. The evidence also showed defendant applied for, and received a duplicate Oregon certificate of title, giving as a reason for applying that the original certificate had been lost. It was the alleged lost certificate which Clyde Williams assigned over to plaintiff. Following receipt of the Oregon duplicate certificate, defendant made application for and received a 1950 Oklahoma certificate of title, although there had been no assignment of title by Clyde Williams.

Plaintiff testified that he attempted to secure an Oregon certificate, but his application was refused because a duplicate certificate already had been issued. He also testified that following purchase of the car he had actual possession of the vehicle until defendant removed same to Oklahoma, and that his demand for possession had been refused by defendant. Defendant's demurrer to plaintiff's evidence was overruled.

Defendant's evidence was that when this car was purchased in Texas part of the purchase price was paid out of money she had earned, and they later moved to Oregon and registered the car there. She denied sale of the car to plaintiff, or that any transaction and payment of money took place as testified by plaintiff, and she never knew plaintiff claimed any interest therein until this action was filed. Her explanation was that by agreement with her husband (Clyde Williams) she took the car and some personal belongings and returned to her mother's home in Oklahoma City; that Clyde gave her the Oregon certificate of title, and both he and plaintiff were present when she left with the car. Her husband visited her later in Oklahoma City, and on one visit attempted to sell the car to her stepfather. This testimony was corroborated by her mother.

Defendant also sought to introduce the testimony of a used car dealer, for the purported purpose of impeaching the testimony relative to sale of the car to plaintiff, by having such witness testify Clyde Williams had discussed the title of the car with the witness. Objection was sustained to this testimony, and defendant then made an offer of proof to the effect that Clyde Williams had stated to the witness that he had given the car to defendant, but was going to make out an Oregon bill of sale showing plaintiff as owner of the car, unless defendant would agree to return to Texas.

At the close of all the evidence plaintiff renewed his motion for directed verdict which was overruled, as was defendant's demurrer to plaintiff's evidence and motion for directed verdict. The case was submitted to the jury under appropriate instructions, and the jury returned a verdict finding the issues for plaintiff for possession of the car.

The first proposition presented as grounds for reversal of the judgment entered upon the jury's verdict is that the trial court erred in overruling defendant's motion to make more definite and certain, thereby preventing defendant from properly preparing her defense.

It is asserted that defendant had no knowledge plaintiff claimed an interest in this automobile, or of any transaction between plaintiff and her husband, and for such reason the motion should have been granted in order to permit defendant to ascertain the facts relative to the time and manner in which plaintiff became the owner of this vehicle, such facts not being available.

■ The general rule is stated in 41 Am.Jur., Pleadings, Sec. 360, as following:

> "A motion to make a pleading more definite and certain should point out wherein the pleading is indefinite and uncertain, * * *"

"Whether a more specific statement of a claim or defense will be required is, in general, discretionary with the trial court, and its discretion will not be disturbed in the absence of abuse. * * *"

The rule above stated has long been recognized and applied by this court. Kuchler v. Weaver, 23 Okl. 420, 100 P. 915; Thomas v. Owens, 206 Okl. 50, 241 P.2d 1114.

Thus, the inquiry herein is directed solely to whether denial of the motion constituted an abuse of discretion which prejudicially affected defendant's case. Plaintiff's petition alleged ownership of this automobile and right to immediate possession; that defendant wrongfully detained same, although demand for possession had been made.

The gist of an action in replevin is plaintiff's right to immediate possession of the property at commencement of the action by reason of ownership, or a special interest in the property. Fenton v. Young Chevrolet Co., 191 Okl. 161, 127 P.2d 813. In all cases the burden is upon plaintiff to prove (1) ownership or a special interest in the property; (2) that he is entitled to immediate possession; (3) that the property is under possession or control of the defendant, who wrongfully detains same. And, where the petition or complaint alleges the foregoing matters, a cause of action is stated. Walker v. Hinton, 70 Okl. 61, 172 P. 73.

Where a cause of action in replevin is alleged by a petition satisfying the requirements enumerated above, the defendant, by filing a general denial, is entitled to offer any defense which will defeat plaintiff's claim of ownership or right of possession. Oklahoma Gas & Electric Co. v. Smith, 174 Okl. 529, 50 P.2d 1094. The plaintiff had the burden of presenting competent evidence to establish his rights, and defendant could present by competent evidence any defense possible to defeat plaintiff's claims. With this latitude afforded defendant, the contention that overruling the motion to make more definite and certain

prejudiced defendant's efforts in making proper defense is without merit.

Defendant next contends plaintiff's claim of ownership and right of possession depend upon the validity of the sale, as governed by the laws of the state of Texas, where the sale was consummated. The argument is that the vehicle bore an Oregon registration while plaintiff and Clyde Williams were residents of Texas, but the vehicle was not registered either before or after sale, as required by the laws of that state. Defendant then attempts to present the applicable laws of Texas and relies upon decisions from that state as tending to establish that plaintiff could not have acquired title and ownership because of failure to comply with the statutory requirements.

In absence of pleading and proof of the laws of another state, including the general statutes, such laws are presumed to be the same as the laws in this jurisdiction. Gray v. Martin, 206 Okl. 167, 242 P.2d 698. In this state a valid sale and transfer of ownership does not depend upon proper assignment of title. A valid passing of title (ownership) may be accomplished without it. Owen v. Miller, 190 Okl. 205, 122 P.2d 140. See also, McNeil v. Larson, 171 Okl. 608, 43 P.2d 397; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588. Under our law title to the vehicle involved passed to plaintiff upon consummation of the sale, if such in fact was made. The jury found the facts relative to change of ownership to be as alleged and proved by plaintiff. There was sufficient competent evidence to support the verdict rendered. A judgment based upon such verdict will not be disturbed on appeal. United States F. & G. Co. v. Dowdy, 203 Okl. 207, 219 P.2d 215.

The third contention is that it was reversible error to exclude the evidence of defendant's witness concerning inconsistent and contradictory statements allegedly made by defendant's husband relative to ownership of the car. Defendant urges that such evidence was admissible for the purpose of impeaching the evidence of Clyde Williams concerning the time, place and manner of sale of this vehicle to plaintiff.

This record reflects considerable evidence concerning practically the same matters upon which defendant's witness sought to testify, viz., that between the date of sale and the time this action was brought Clyde Williams claimed ownership of and exercised control over this vehicle, and offered to sell same to various parties. The jury had ample evidence to consider relative to the husband's alleged inconsistent acts and statements relative to ownership of this car. The excluded testimony was merely of a cumulative nature. In such instances the rule is that the error, if any, in excluding the offered testimony is harmless. Kile v. Kile, 178 Okl. 576, 63 P.2d 753; Williams v. New Brunswick Fire Ins. Co., 172 Okl. 135, 45 P.2d 127.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., DAVISON, and O'NEAL, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.