LESTER DONOHO, Respondent, v. MISSOURI PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, June 12, 1916.

CARRIERS OF LIVESTOCK: Railroads: Interstate Commerce: Limitation of Value and Time to Sue: Notice: Waiver. Shipment of a valuable race horse from Independence, Missouri, to Denver, Colorado, is an interstate shipment and a provision in the contract of shipment limiting the value in case of loss, providing for written notice of loss and limiting the time for bringing an action, are reasonable and legal, and the provision as to notice cannot be waived by the carrier.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

REVERSED.

*White, Hackney & Lyons* for appellant.

*D. C. Finley* and *Ben. T. Hardin* for respondent.

ELLISON, P. J.—Plaintiff shipped a horse from Independence, Missouri, to Denver, Colorado. The contract of shipment, required written notice of any loss or injury to be given to the defendant. It also provided that the recovery for any injury to the

horse should be limited to $100 and that any suit should be brought within six months of injury. The trial court practically ignored these provisions. No notice was given as stipulated and this suit was not brought for more than one year after the injury. Evidence was admitted to show the horse was a valuable racer and that the damage done to him was from nine to fifteen hundred dollars. The verdict and judgment were for nine hundred dollars.

The shipment being interstate, the law governing it, and the contract under which it was made, is exclusively as expounded by the Supreme Court of the United States, and the law as heretofore expounded by the Supreme and Appellate courts of the State is now superseded in cases arising on such shipments. [Donovan v. Wells Fargo Co., 269 Mo. 291.]

Under the decisions of the Supreme Court of the United States the contractual provision as to notice is valid and it cannot be waived. [Banaka v. Railroad and Kemper Milling Co. v. Railroad, (decided by us at this term).] In these cases we have cited rulings of the Supreme Court of the United States as late as May 8, 1916, (Georgia, Flor. & Ala. Railroad v. Blish Milling Co.).

So too, a contract limiting the time in which actions may be brought for loss of shipments, or injury thereto, is legal and reasonable. [Mo. Kan. & Tex. Ry. v. Harriman, 227 U. S. 657.]

So the right to limit the amount of recovery in case of loss by stipulation in the contract of shipment is upheld. [Adams Express Co. v. Croninger, 226 U. S. 491 and C. B. & Q. Ry. v. Miller, Ib. 513.]

It follows that the judgment must be reversed. All concur.