### WELGE v. THOMPSON.

No. 12475—Opinion Filed May 27, 1924.

Rehearing Denied Oct. 7, 1924.

**1. Fraud — Misrepresentations—Erroneous Instructions.**

"The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true," is actual fraud under subdivision 2 of section 4996, Comp. Stat. 1921. And an instruction to the effect that it is incumbent upon the person asserting a fraud to show not only a false statement or representation, but that such representation was made with intent to deceive is erroneous.

**2. Same—Dependence on Positive Representations of Vendor.**

A vendee has a right to act on the positive representations of existent material facts made by the vendor, even though the means of knowledge were open to him. The real question in such matters is, Was the party in fact deceived by the false representations?

**3. Appeal and Error — Prejudicial Error—Inconsistent Instructions.**

Erroneous instructions are not cured by giving a proper instruction upon the same proposition in another paragraph of the charge, for the reason that there is no way to ascertain which of the instructions the jury followed.

**4. Bills and Notes—Holders in Due Course —Burden of Proof.**

When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired title as a holder in due course, except as otherwise provided in section 7729, Comp. Stat. 1921.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; J. W. Bird, Judge.

Action brought by L. H. Thompson for recovery upon a promissory note against R. G. Welge. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

J. E. Curran, for plaintiff in error.

Bellati & Brown, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant as they were designated in the trial court.

On the 18th day of November, 1919, the plaintiff instituted this suit in the district court of Kay county, Okla., against the defendant upon a promissory note for $2,500, dated June 2, 1917, and due 90 days after date, and bearing interest at 8 per cent. per annum from maturity, in favor of the Interstate Oil & Refining Company, and indorsed to the plaintiff before maturity.

The defendant answered admitting the execution of the note sued upon, and alleged that the consideration for which the said note was executed was 25 shares of preferred stock in the Interstate Oil & Refining Company, a corporation organized under the laws of the state of Arizona; that the defendant was induced to purchase said stock and execute said note by means of false and fraudulent representations as to the value thereof and the solvency of the said Interstate Oil & Refining Company, made by plaintiff, L. H. Thompson, and the answer sets up that prior to the execution of the note sued upon plaintiff was an official in the State Guaranty Bank of Blackwell, Okla., at which the defendant carried his deposits and transacted business, and that he had great confidence in the said plaintiff; that the plaintiff approached the defendant with the agent of said company and represented to the defendant that the plaintiff had made an investigation of the affairs of said company, and that the said company had two refineries in operation and another in the building, and had its own production, and that it was a clean proposition with no bonus stock outstanding; that par had been paid for every dollar's worth of stock issued; and that he knew this stock was an excellent investment, and that the defendant relying upon these representations, and by reason of the confidential relation existing between the plaintiff and defendant, was induced to and did purchase said 25 shares of stock and execute the note sued upon.

The answer specifically denied that the plaintiff was an innocent purchaser for value of said note before maturity. The answer further alleges that said representations were false and untrue, and that the stock was worthless; that within a short time after purchasing said stock and executing said note the said Interstate Oil & Refining Company declared a dividend of 2½ per cent., and the defendant received the same, and that afterwards, upon discovering that a fraud had been perpetrated upon him, he tendered said stock back to the Interstate Oil & Refining Company, together with the $62 50 received as a dividend, and demanded the return of his note, which was refused; that he afterwards tendered the stock and the dividend received thereon to the plaintiff and demanded a return of the note, which was refused by the plaintiff, and by his answer the defendant tendered into court the 25 shares of stock and the $62.50 dividend, and prayed that the note be cancelled.

Upon the trial there was evidence tending to support the allegations contained in the answer, and the court submitted the case to the jury. The verdict and judgment went for the plaintiff, and the defendant has appealed to this court, and assigns as error the action of the court in giving to the jury instruction No. 3, which is as follows:

"You are instructed, that the defendant having admitted the execution of the note sued on herein, must establish, by a clear preponderance of the evidence, that the representations relied upon by him as a defense to this action and alleged by him to be false, were, in fact, made by the plaintiff; that they were in fact false; that defendant acted in reliance upon said representations, having the right to so rely, and that defendant in reliance upon such representations was thereby induced to subscribe for the stock for which the note sued on herein was given, to his pecuniary damage. You are instructed that it is incumbent upon the person asserting fraud to show that such representation was made with intent to deceive, and that such deception was the result of the reliance of the person asserting the fraud upon such representation."

This instruction required the jury to find, in order to sustain the defense, not only that the representations were false, but that they were made with the intent to deceive. This was error.

The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true, is actual fraud under subdivision 2, section 4996, Comp. Stat. 1921. Joines v. Combs, et al., 38 Okla. 380, 132 Pac. 1115. The statements made by Thompson were made for the purpose of inducing the defendant to purchase the stock. The defendant testified that he relied upon and believed those statements and was so induced to make the purchase, and it is not im-

portant, so far as the defendant is concerned, whether the plaintiff knew the statements to have been false at the time he made them, the effect was the same, and the loss which followed should be sustained by the one who was at fault and not by the one upon whom the imposition was practiced. In this case the plaintiff admitted that he was instrumental in selling this stock to the defendant, and that he received a part of the commission therefor. He was financially benefited by the transaction, and if, in order to induce the defendant to make the note, he made a material and false representation to him, even though he was honestly mistaken, he was still liable. As said in Joines v. Combs, supra:

"Indeed, the intent of the person making a misrepresentation for the purpose of inducing a purchase of property is wholly immaterial."

Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186; Howe v. Martin, 23 Okla. 561. 102 Pac. 128; Leasure v. Hughes, 72 Okla. 75, 178 Pac. 696.

The plaintiff contends that if the court committed error in giving said instruction No. 3 such error was cured by the giving of instruction No. 9. Instruction No. 9 embraced the 2nd subdivision of section 4996, supra, but this instruction is inconsistent with instruction No. 3, and it is undetermined which one the jury followed.

"The instructions as a whole must be consistent and harmonious, and, where two instructions contain inconsistent propositions, the cause will be reversed, for the reason that the court is unable to tell which the jury followed and which they ignored." First National Bank of Wetumka, v. Nolen, 59 Okla. 20, 157 Pac. 754.

It is finally contended that the plaintiff was the holder of the note sued on in due course, but there was some evidence upon the trial to the effect that the plaintiff admitted that he was not an innocent purchaser of the note, and from what has been said this was a question for the jury. By reason of the error of the court in giving instruction No. 3, we recommend that the judgment appealed from be reversed and the cause remanded to the district court of Kay county, with directions to grant a new trial.

By the Court: It is so ordered.