## T. M. DOVER MERCANTILE CO v. GATES.

No. 18953.   Opinion Filed March 5, 1929

Rehearing Denied May 7, 1929.

Norwood & Alley, J. N. Fortner, and W. T. Williams, for plaintiff in error.

John C. Head, for defendant in error.

TEEHEE, C. Appellant, T. M. Dover Mercantile Company, as plaintiff, sued appellee, J. W. Gates, defendant below, to recover on a promissory note.

By appropriate pleadings plaintiff alleged execution, delivery, maturity, and nonpayment of the note, reciting that the consideration therefor was that plaintiff had paid certain assessments levied against defendant as a stockholder in a certain banking institution for the purpose of its continuation in business, which act of plaintiff was by defendant ratified in the giving of the note sued on.

Defendant, admitting execution and delivery of the note, answered that there was a failure of consideration thereof in that its execution and delivery was induced by plaintiff's false and fraudulent representations, it being alleged that the purported consideration therefor was a fraudulent sale of certain stock in said bank held by the plaintiff. By cross-action defendant alleged facts showing a want of a legal assessment against him as a stockholder of the bank, and that if payment of such assessment was in fact made as by plaintiff alleged, it was a volunteer in relation thereto by its having so paid the same without defendant's request; reiterated the false and fraudulent representations whereby execution and delivery of the note was induced, and sought recovery of certain sums of money paid to plaintiff in said transaction prior to defendant's discovery of the fraud practiced upon him.

Upon trial there was a jury verdict and judgment thereon for defendant, of which plaintiff complains under two general propositions, namely, first, "that upon the whole record plaintiff was entitled to a verdict, and its motion for an instructed verdict should have been sustained;" and, second, "that the verdict is contrary to the law and the clear weight of the evidence." Our consideration thereof will be in the order of their statement.

First. It is well settled that:

"If there is any competent evidence in the record which would reasonably support a verdict in favor of a party against whom a motion for a directed verdict is leveled, it is not error to overrule the motion for a direction." Florence v. Russell, 105 Okla. 20, 231 Pac. 301; Anderson v. Whitener, 127 Okla. 284, 261 Pac. 156; Clevenger v. Crosby & Mooney, 89 Okla. 55, 213 Pac. 76.

That there is evidence in the record introduced by defendant to sustain a verdict in his behalf, if believed by the jury, there can be no controversy. It is thereby clearly shown that defendant, by the representations alleged to have been made by plaintiff, was induced to give the note in the first instance, the note presently involved being a renewal thereof, on the theory that he was buying certain bank stock from plaintiff at a premium of 100 per cent., which defendant later discovered had not in fact been issued to him, though the renewal note showed on its face that issuance of the stock had in fact been made, and that the bank was not in fact in that state of solvency represented to have been the case at the time of the original transaction.

Plaintiff contends, however, that the renewal note was given by defendant with full knowledge of the facts in that, as he had not received the stock and had made no inquiry of plaintiff as to the reasons why, the renewal note operated as a ratification of the transaction and a waiver of his right to urge the alleged fraud as a defense. It is the rule that:

"If a party is induced by fraudulent acts to execute a note and afterwards renews the note, with full knowledge of the fraud, then such renewal would operate as a waiver of his right to urge the same as a defense against said renewal note." Farmers' State Bank v. Harrington, 98 Okla. 293, 225 Pac. 705; Campbell v. Newton & Driskill, 52 Okla. 518, 152 Pac. 841.

Upon that principle plaintiff relies. We are unable to bring the cause within the purview thereof. It cannot be said that defendant's course of conduct as above outlined, induced by plaintiff's representations which were measurably confirmed by the indorsement on the renewal note that the stock had been issued, ripened into that knowledge

of the fraud sufficient to bring defendant within the rule thus relied on by plaintiff, though the true state of affairs was by defendant ascertained subsequent to the date of the renewal note. In 13 C. J. 367, section 242, the author says:

"A promisor either receives the consideration he has bargained for, or he does not. If he does not, there is no enforceable agreement, for there is no consideration."

Defendant found that the consideration for which he bargained had failed, for the stock had never been issued to him, although a notation on the note indicated the contrary, which theretofore had lulled him into a sense of security. The rule is well established that:

"When it appears that one has been guilty of intentional and deliberate false statements, by which to his knowledge another has been misled and influenced in his action, he cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised ordinary care and diligence." Stevens v. Reilly, 56 Okla. 455, 156 Pac. 157; Welge v. Thompson, 103 Okla. 114, 229 Pac. 271.

The challenged evidence clearly shows the cause to be controlled by that principle. It is decisive of the point under consideration contrary to plaintiff's contentions.

Second. The cause being a law action, the other proposition only requires ascertainment of whether the judgment was within the issues supported by evidence upon which the jury were properly instructed and in accord with the verdict rendered, notwithstanding the additional statement that the verdict is against the clear weight of the evidence. Beam v. Farmers & Merchants Bank, 104 Okla. 158, 230 Pac. 881. From our examination of the record, we think that the jury were fully and fairly instructed upon the law relevant to the issues framed by the pleadings on which evidence was adduced by the parties, for which reason it must follow that the verdict and the judgment rendered thereon are not contrary to law.

For the foregoing reasons, the judgment of the district court is affirmed.

BENNETT, REID, LEACH and HERR, Commissioners, concur.

By the Court: It is so ordered.