# FRANKLIN BOND CORP. v. SMITH.

No 22998. Opinion Filed Jan. 24, 1933.

Rehearing Denied April 11, 1933.

Shirk, Danner & Phelps, for plaintiff in error.

E. G. Wilson and John V. Beveridge, for defendant in error.

CULLISON, V. C. J. Plaintiff, Clifford Smith, instituted suit seeking to recover from defendant, Franklin Bond Corporation, the amount of money paid by plaintiff to defendant to procure an investment bond from defendant. Plaintiff further alleged that the agents of defendant procured the sale of said bond and the payment of his money to defendant through false and fraudulent representations as to the terms and conditions of said bond.

The case was tried in the justice court and appealed to the district court. Defendant procured permission to, and did file an answer in the district court, pleading certain defenses to plaintiff's cause of action. On the trial of said cause in the district court, plaintiff procured judgment, and defendant appeals.

Defendant alleges that to constitute fraud, misrepresentations must be of a material existing or past fact, and not statements respecting the future.

In the case of McLean v. Southwestern Casualty Insurance Company of Oklahoma, 61 Okla. 79, 159 P. 660, this court announced the following rule, applicable to the question under consideration:

"There is a wide distinction between the nonperformance of a promise and a promise made mala fide, and without any intention at the time of making it to perform it. And while ordinarily a statement upon which fraud may be predicated must be of an existing fact, yet, if a promise is made to be performed in the future, as an inducement to obtain a contract, if the intention not to perform the promise be shown to have existed at the time the promise was made, such false promise constitutes cognizable fraud."

Under the facts and circumstances in the case at bar, we believe the same sufficient to bring it within the rule just announced, and therefore the rule in the McLean Case is applicable and governing in our consideration of the question involved in the case at bar.

Defendant next contends that to render nonperformance fraudulent, the intention not to perform must exist when the promise is made. If such intention not to perform is born after the promise is made, it will not serve as a ground for an action in fraud and deceit.

In our consideration of this question, we find that this court held in the case of Haggerty v. Key, 100 Okla. 238, 229 P. 548, as follows:

"A promise accompanied with an intention not to perform it, and made by the promisor for the purpose of deceiving the promisee and inducing him to act, where he otherwise would not have done so, constitutes fraud."

In the case at bar, the bond, which is the basis of this suit, did not contain certain provisions which defendant's agents represented the same would contain. Cer-

tain representations were made relative to the rights of the purchaser of the bond, but such rights as represented were not contained in the instrument when the same was received by plaintiff. We believe this brings the case fairly within the rule announced. The defendant knew the contents of its bonds, and knew that said bond would contain only certain provisions, and when its agents represented that said bond would contain other and additional provisions which were not therein, the same was sufficient to bring the cause within the rule just announced, supra.

Defendant next contends that, considering well-established exceptions to the general rule, one who fails to avail himself of means of knowledge within his reach cannot complain of other parties' deceit.

Defendant contends that plaintiff did not use the opportunity presented to him to investigate the value of and the terms and conditions of the security offered by defendant. Also, that plaintiff had opportunity of examining a specimen bond setting out the terms and conditions of the bond purchased. But plaintiff's evidence shows that no specimen bond was exhibited or presented for plaintiff's inspection, and that he had no means of ascertaining the terms and conditions of the bond until he had received the bond purchased from defendant, which bond was received some time after the contract of purchase was entered into between plaintiff and defendant. In the case of Welge v. Thompson, 103 Okla. 114, 229 P. 271, this court announces the rule to be:

"A vendee has a right to act on the positive representations of existent material facts made by a vendor, even though the means of knowledge were open to him. The real question in such matters is, Was the party in fact deceived by the false representations?"

Since there was a direct conflict between the contention of plaintiff and defendant, said fact was a question for the jury as to whether or not a sample policy was exhibited to plaintiff and he was permitted to read the same, and the jury found this issue in favor of the plaintiff.

Defendant next contends that the acceptance, ratification, or affirmance of misrepresentations concerning a contract, whether active or passive, estops the defrauded party from recovering on the basis of such misrepresentations. Defendant contends that plaintiff's action and conduct after receiving the bond under consideration was such as to estop him from prosecuting this cause. The court presented the question to the jury in instruction No. 5 of the instruc-

tions given by the court, and advised the jury as to the rights of both parties in said cause. The jury, with these instructions before them, found favorably to plaintiff, which was a finding of fact that plaintiff's conduct had not been such as to amount to a ratification of the contract after discovery of the fraud, and therefore found favorably to plaintiff. There was competent evidence in the record whereby the jury was warranted in finding for plaintiff, and where there is such evidence in support of the jury's verdict, the same will not be reversed by this court.

Defendant next contends, to constitute a ratification of an agent's unauthorized acts, the principal must have actual knowledge of such unauthorized acts or misrepresentations. The record discloses that Mr. Boone, who was the general manager for the defendant in the case at bar, was in Tulsa at the time defendant carried on this sales campaign selling bonds of the defendant, at which time plaintiff purchased his bond. The general manager of the company being present and aiding in the sale of the bonds of said company, brings this cause squarely within the rule announced by this court in the case of Johnston Fife Hat Co. v. National Bank of Guthrie, 4 Okla. 17, 44 P. 192, wherein the court announced the following rule:

"A corporation may be guilty of a fraud. As a mere legal entity it can have no will, and cannot act at all, but in its relations to others, it is represented by its officers and agents, and their fraud in the course of the corporate dealings is, in law, the fraud of the corporation."

Under the above holding of the court, where the officers and agents of a corporation know of the fraudulent representations, the same become the fraud of the corporation. We cannot conceive of the general manager of defendant company being ignorant of the representations made in the sale of the stock of his company when he was present in Tulsa at the time the sales campaign was being carried on. The home office of the defendant company was in Los Angeles, Cal.

Defendant's sixth proposition is that agency is never presumed, but must be clearly and definitely established; and its seventh proposition is that in the absence of a fiduciary relation it is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, and that such pretended agent has authority and that such authority is, in its nature and extent, sufficient to permit him to do the proposed act. In our consideration of the question just

outlined, we find that this court held in the case of Catlin v. Reed, 141 Okla. 14, 283 P. 549, that:

"It is the settled rule that the question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined either by the jury or the court as a trier of fact."

See, also, Pepin v. W. R. Thompson & Sons Lumber Co., 150 Okla. 295, 1 P. (2d) 714, and Advance-Rumely Thresher Co., Inc., v. Alexander, 156 Okla. 150, 9 P. (2d) 934. We consider the evidence in this case sufficient to warrant the jury in finding that there was agency existing between the parties who sold the bond and defendant corporation. According to the testimony, Mr. Boone, the general manager of defendant company, was one of the parties participating in said sales, and most assuredly where the general manager of the company directs and also participates in certain transactions selling the bonds of his company, the jury was warranted in finding that agency existed, and that such agents had the authority to make the representations as claimed to have been made.

Defendant's eighth proposition states that an action seeking to rescind for fraud or a false representation is equitable in its nature, and the one aggrieved must act within a reasonable time, or the right is lost by failure to promptly act upon discovery of the fraud, or after it might have been discovered by the use of due diligence. In answer to said proposition we find that the record discloses that after plaintiff ascertained that the bond did not contain the provisions as he understood the same would contain them, the matter was then presented to the defendant company. Defendant's manager, Boone, wrote attorneys for plaintiff that he would be in Tulsa in the near future and take up the matter with them. He did not appear in Tulsa for a short time, and plaintiff's attorneys addressed a second letter to defendant company, which letter was also answered by Boone, and after delaying for sufficient time to give defendant company an opportunity to carry out the proposed investigation as suggested by its manager and upon failing to do so, plaintiff instituted the suit at bar. In this respect, we do not consider that plaintiff's delay in filing suit was sufficient to prevent a recovery, but that plaintiff acted with sufficient diligence.

Defendant's final proposition is that, in instances of this kind, the proof must sustain the allegations of the petition by a preponderance so great as to overcome all opposing evidence and repel all opposing presumptions of good faith, as the law does not indulge in any presumption of bad faith, fraud, misrepresentation, or deceit.

A review of the pertinent facts disclosed by the record will be sufficient to determine this question. Defendant's agents and representatives appeared in Tulsa for the purpose of selling the bonds of defendant company. Defendant's agents held a meeting at one of the churches in Tulsa, at which meeting they procured the presence of a number of prospective buyers and thereby became acquainted with said prospective buyers in a meeting held in their church.

After having examined the entire record in said cause, we are satisfied that there was ample evidence presented to the jury to warrant the finding of the jury, and that no reversible error was committed by the trial court in the trial of said cause.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1, 2) annotation in 51 A. L. R. 63; 68 A. L. R. 637; 12 R. C. L. 239 et seq.; R. C. L. Perm. Supp. p. 3101; R. C. L. Pocket Part, title "Fraud," § 10. (3) 12 R. C. L. 378; R. C. L. Perm. Supp. p. 3116; 27 R. C. L. 359 et seq.; R. C. L. Pocket Part, title "Vendor and Purchaser," §§ 59, 60. (5) 21 R. C. L. 822; R. C. L. Perm. Supp. p. 5108; R. C. L. Pocket Part, title "Principal and Agent." § 6.