## PALESTINE DRUG CO. v. BOGGS et al.

No. 21632. Dec. 19, 1933.

As Corrected Jan. 4, 1934.

Rehearing Denied Jan. 30, 1934.

R. L. Suddath and C. M. Gordon, for plaintiff in error.

J. W. Hinton, for defendants in error.

RILEY, C. J. This is an appeal from the judgment for defendants in an action on a promissory note.

Defendants admitted the execution of the note sued upon, but pleaded in substance that the note in question, in the sum of $430.45, dated November 15, 1926, and due November 15, 1927, was executed for merchandise, and that an oral agreement existed between the parties that such merchandise could be returned by defendants at any time if not wanted by defendants and the note discharged, or in other words, that the note could be paid either in cash or by return of the merchandise at the option of the defendants. The answer further alleged that under said agreement the merchandise had been returned to plaintiff by defendants, but that plaintiff refused to accept same.

A jury was impaneled to try the issues but it appears that during the course of the trial the jury was discharged by agreement and the cause was submitted to the court. The defendants had, over the objection of plaintiff, introduced evidence tending to sustain the allegations of their answer, and this being undenied, the trial court took the view that only a question of law was involved, and the cause was taken under advisement by the court on the legal question.

Thereafter plaintiff obtained leave to file and filed an amended reply, alleging, in substance, that on January 10, 1925, defendants had given plaintiff a chattel mortgage to secure a large sum of indebtedness and that on January 4, 1928, defendants had executed to plaintiff another chattel mortgage to secure indebtedness in the sum of $1,976.79, and that both of said chattel mortgages had been filed in the office of the county clerk shortly after their execution; that on January 23, 1928, plaintiff had executed to defendants a written release of said chattel mortgages, and that said mortgages had been returned and accepted by defendants under said release, and that one of the releases specifically stated:

"* * * The note for $430.43, executed by the Rexall Drug Store by J. M. Boggs, on the 15th day of Nov., 1926, and due Dec. 5, 1927, was by error included in the affidavit attached to the copy of said mortgage filed on the 16th day of Jan., 1928, in the county clerk's office of Okmulgee, Okla., said affidavit having been made by Thomas B. Bick, vice-president of the Palestine Drug Co., has not been paid, but should not have been included in said mortgage and for the consideration of the payment of the 13 notes for one hundred ($100) each, and the one note for $146.36, and of $1 cash in hand paid to the Palestine Drug Co., receipt of which is hereby acknowledged, said mortgage lien on all the property included in said mortgage executed and filed as aforesaid is hereby released and the county clerk of Okmulgee county. Okla., is hereby impowered and requested to release same upon the records of said county, but the said $430.43, executed as aforesaid. has not been paid and is not hereby discharged as an obligation in favor of the said Palestine Drug Co. and against the said Rexall Drug Co., but it is simply an unsecured claim."

The amended reply further pleaded, in substance, that, by the acceptance of said

release with full knowledge of the facts defendants were estopped to assert that the note in question was not an unpaid outstanding indebtedness and an unsecured claim owing from defendants to plaintiff. The release of said mortgages had been admitted in evidence.

The trial court made general findings in favor of defendants, which was in effect a finding that there was an agreement between the parties, either at the time or before the note here in question was executed, that said note might be paid either in cash or by the return of merchandise.

It is contended by plaintiff that the evidence introduced by defendants and admitted by the court tending to prove such an agreement was in violation of the generally accepted rule, and the specific provisions of section 5035, C. O. S. 1921, which provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Defendants contend that the case comes within the rule announced in Mackin v. Darrough Music Co., 69 Okla. 1, 169 P. 497, and cases therein cited, which is that a contemporaneous oral agreement that a promissory note may be paid in work or labor, or in some way other than in cash, may be pleaded and proved as a defense in an action upon a promissory note, and that such agreement does not come within the inhibition of the statute against the introduction of parol evidence to vary or alter the terms of a written instrument. This rule has, in effect, been followed in Edwards v. City Natl. Bk., 83 Okla. 204, 201 P. 233, and has been recognized in American Natl. Bk. v. Dunn, 143 Okla. 116, 287 P. 999; Packard Okla. Motor Co. v. Funk, 117 Okla. 96, 245 P. 571, and Mitchell v. Fayette Bank & Trust Co., 149 Okla. 64, 299 P. 498.

The answer of defendants was sufficient to bring the case within said rule, and there was evidence reasonably tending to support the allegations of the answer.

It is contended that defendants were estopped to assert that said note was not a valid outstanding indebtedness against them and in favor of plaintiff by reason of the acceptance by them of the release of the chattel mortgage containing the recitals above quoted. All the record ap-

pears to show on this point is that there was an apparent contention between the parties as to whether or not the note involved was secured by the chattel mortgage. The release merely shows that said note was by error included in an affidavit attached to the mortgage and should not have been so included. There is nothing to indicate that defendants, by the acceptance of the release containing the recitals mentioned, waived their rights, if any they had, to pay off and discharge said obligation by return of the merchandise. The question of the right of defendants to pay the note in merchandise rather than in money does not appear to have been in any way involved in the release of the chattel mortgage.

The contention as to estoppel cannot be sustained.

The judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS. McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., dissents.