**WALLACE, Adm'x, v. FIRST NAT. BANK of KINGSTON, TENN.**

No. 21810.    March 27, 1934.

Simons, McKnight, Simons & Mitchell, for plaintiff in error.

Polk Wright, H. G. McKeever, and W. L. Moore, for defendant in error.

PER CURIAM.  Suit was commenced by the First National Bank of Kingston, Tenn., to recover on a check for $2,147.25 given by Achsa King Wallace to J. W. Stegall, upon which payment was stopped after it had been transferred to the plaintiff. The maker of the check having died, her administratrix, Maud Wallace, was substituted as defendant. By her answer the administratrix admitted the execution of the check, but alleged it was without consideration and was procured by fraud. The claim was duly filed with the administratrix, who refused payment. The plaintiff introduced the check with Stegall's indorsement and rested. At the close of defendant's evidence, the court sustained a demurrer to it on the ground that it was insufficient to constitute a defense, and directed a verdict for the plaintiff, from which defendant appeals.

The only assignment argued in appellant's brief is that the court committed error in sustaining a demurrer.

"In passing upon a demurrer to the evidence the court does not weigh the evidence. The demurrer admits every fact which the evidence in the slightest degree tends to prove and all inferences and conclusions that may be reasonably and logically drawn from the same, and where there is any conflict in plaintiff's evidence that would make any part of it unfavorable to plaintiff or sustain the defense, the court in passing upon

such demurrer should consider such evidence withdrawn." Town of Canton v. Mansfield, 108 Okla. 60, 233 P. 1071.

One who holds a check as transferee is presumed to be a holder in due course, and this presumption protects him unless and until the maker alleges and proves an infirmity or a defect in the title of the payee. The reason for this is plain. If there be no infirmity or defect in the title of the payee, it is immaterial to the maker whether the indorsee is a holder in due course, and it would be manifestly unfair to place the burden on the holder of proving himself a holder in due course. But when the maker alleges the infirmity or defect and produces evidence of it, the presumption falls and the burden shifts to the holder to prove that he acquired the instrument in due course, and the reason for this is also plain. The opportunities for collusion between a payee and his transferee are too apparent to allow the transferee further presumption. Usually the holder can easily produce evidence to sustain his title, while the maker usually finds it difficult and sometimes impossible to learn and prove the facts. Section 11358, O. S. 1931; Welge v. Thompson, 103 Okla. 114, 229 P. 271.

There is evidence in the record tending to establish the following statement of facts: G. G. King of California died leaving no widow or issue surviving, but leaving collateral heirs, among them being Mrs. Achsa King Wallace, a sister, living near Garber, Okla., who inherited a fifth interest: V. K. Lones and Mrs. J. W. Stegall, both of Tennessee. Someone claimed to be a son or an adopted son of King, and asserted claim to the estate, and protracted litigation ensued, resulting in judgment for the collateral heirs. Shortly after the death of King, J. W. Stegall visited Mrs. Wallace and represented to her that he was representing his wife and Lones and another heir by the name of McNeal, all of whom had agreed to pay their pro rata part of his expenses in looking after their interest in the estate, and there procured from Mrs. Wallace a power of attorney to represent her interest and an oral agreement to pay one-fourth of his expenses. He procured money from Mrs. Wallace from time to time while the litigation was pending, amounting to approximately $2,000. In the meantime he advised her that Lones was trying to back out of his agreement to pay his part of the expenses, but that Stegall had the interest of Lones tied up by legal proceedings and would collect it. After the litigation was ended, and shortly before Mrs. Wallace received any of the proceeds, Stegall

met her at Enid, Okla., and asked her for the check sued on and represented to her again that Lones was liable for his part of the expenses incurred by Stegall, and that the interest of Lones was tied up by Stegall by legal proceedings on which a hearing would be had at an early date, and, upon his recovery from Lones, he would return to her the amount of the check. Lones had made no agreement with Stegall to represent him and had made no agreement to pay any part of Stegall's expenses. No suit or proceeding of any kind had been brought against Lones to tie up his interest in the estate, or require him to pay his pro rata part of the expenses incurred by Stegall. Lones, whose interest was also a fifth, received from the estate $11,000 or $12,000. Mrs. Wallace received $8,148.64. She had advanced before giving the check in question approximately $2,000, and, if liable on the check, it will be seen that the net amount to her will be approximately one-third of what Lones received. There is nothing in the record from which it could be inferred that Stegall's expenses were as much as $16,000, while this statement of plaintiff's attorney is found in the record:

"Now, he has filed a statement in this case that his expenses totaled $8,050, approximately."

The position of Stegall was fiduciary and the highest degree of good faith was required of him. Where a fiduciary relationship is shown, fraud will be more readily inferred and a reliance on false statements will be more readily inferred. Thomas v. Thomas, 27 Okla. 784, 107 P. 825.

It is contended by the defendant in error that it was incumbent upon the maker to prove both want of consideration and fraud to establish a defect in the title of the payee. Either want of consideration or fraud in procuring the instrument, if it resulted in material injury to the maker, would be sufficient to show an infirmity or defect in the title of the payee and to cast the burden on the holder to prove that it obtained the instrument in due course.

The evidence was sufficient to withstand the demurrer. The judgment of the trial court is reversed and the cause remanded to the district court of Garfield county, with directions to grant a new trial and take such further action as may be consistent with the views herein expressed.

The Supreme Court acknowledges the aid of District Judge E. L. Richardson, who assisted in the preparation of this opinion. The

District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.