MORRIS' ESTATE et al. v. KIRBY'S ESTATE et al.

No. 30652. Feb. 9, 1943.

*133 P. 2d 896.*

Robinson & Oden, of Altus, and Harry C. Hicks, of Hollis, for plaintiffs in error.

T. M. Markley, of Tulsa, and A. D. Miller, of Hollis, for defendants in error.

HURST, J. The executors of the last will and testament of L. M. Morris, deceased, sued H. M. Newberry, W. H. Rodgers, E. Q. Anderson, and H. H. Reeves, as administrator of the estate of W. M. Kirby, deceased, to recover on a promissory note in the principal sum of $10,581.78, dated October 1, 1937, made payable to L. M. Morris and signed by E. Q. Anderson, H. M. Newberry, W. M. Kirby, and W. H.

Rodgers. The case was settled as to Anderson and the Kirby estate, they were released from liability on the note, and the case was dismissed as to them. From a judgment for the defendants Newberry and Rodgers, plaintiffs appeal.

In 1927, Morris, Newberry, Rodgers, Anderson, and Kirby organized a corporation known as Farmers Union Co-operative Gin Co. of Gould, Okla., and they were its directors from the time of its organization until the note sued on was made. In 1928, the corporation was indebted to the First State Bank of Gould on a note for some $10,000, and the five directors were apparently liable as sureties on that note. On February 8, 1928, Morris paid $5,000 on that note, and took a note for that amount. That note is not in the record, but there is testimony that it was signed by the gin company and that under its name all the directors signed. That note was renewed from time to time and on February 8, 1934, a renewal note, payable to L. M. Morris, was signed, the name of the gin company appearing first and the five directors signing under its name. Thereafter, in order to assist the gin company to obtain a loan of money from the Bank of Co-operatives of Wichita, Kan., Morris released that note and certified on the back of it that "I hold no note, mortgage, lien or claim against" said gin company. But some time after the loan was obtained from the Wichita bank he took a note signed as that note was signed, which was renewed on March 31, 1936, the renewal note being payable to L. M. Morris and signed as the 1934 note was signed. The note sued on is a renewal of that note, with the name of Morris and the gin company as makers left off the note at the request of Morris.

The defendants, in their answer, alleged that in signing all the notes to Morris, it was intended to bind only the gin company, and that there was no intention to bind the directors personally. The plaintiff, in its reply, alleged that all the notes to Morris were signed by the directors as sureties, that the gin company was the principal debtor, that L. M. Morris was also liable as surety for one-fifth the amount of the note, and that the defendants were liable for their pro rata share of the note.

It will thus be seen that the suit started as a straight suit on a promissory note, and by the answer and reply was converted into one for contribution between sureties and was tried on the latter theory.

The court permitted proof of the facts surrounding the execution of the various notes and as to what was said and understood. From the record it appears that the gin company's notes were never signed as corporate documents are usually signed, with the name of the corporation signed by the president and attested by the secretary. There is testimony that none of the directors intended, or agreed, to be personally bound by the notes to Morris, but that it was understood that the gin company would pay Morris as, if and when it became financially able to do so. There is no evidence that the directors agreed to be bound as sureties in 1928 and 1934, as alleged in the reply. The note sued on purports to be signed by the four directors as principals, and the plaintiff, by claiming it was signed by the four directors as sureties, made the issue justifying the proof of what the actual agreement was at the time the various notes to Morris were signed. Mid-West Chevrolet Corp. v. Noah, 173 Okla. 198, 48 P. 2d 283. Furthermore, the plaintiff does not urge as error admission of such evidence. The trial court did not state the reason for the decision.

This action being filed and prosecuted as one of legal cognizance (15 O. S. 1941 § 382; Strickler v. Gitchel, 14 Okla. 523, 78 P. 94; 50 C. J. 304; 18 C. J. S. 21; 21 R. C. L. 1143; 13 Am. Jur. 64) in which a jury was waived, we are not at liberty to weigh the evidence, and since the judgment is reasonably supported by the evidence that the defendants did not agree to be bound as sure-

ties on the notes to Morris, it must be affirmed. Knox v. Eason Oil Co., 190 Okla. 627, 126 P. 2d 247. And since the case was tried as one for contribution between sureties, and not for liability on the note, we do not pass upon the contention of defendants that they were released from liability on the note by operation of law by the release of Anderson and the Kirby Estate.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.