GRANT G. FORSYTHE, Inc., v.
BARCLAY.

No. 31524. Oct. 24, 1944.

Rehearing Denied Dec. 12, 1944.

*153 P. 2d 485.*

Frank Leslie, of Tulsa, for plaintiff in error.

M. S. Williams, of Tulsa, for defendant in error.

PER CURIAM. On the 1st day of April, 1942, Ann Barclay, nee Devault, filed her petition alleging that on the 1st day of May, 1939, she entered into an oral contract of employment with the defendant, Grant G. Forsythe, Inc., at a salary of $80 per month; that this agreement remained in effect until the 1st day of September, 1940; that on the latter date she entered into a contract for employment at the sum of $100 per month, and that there is now due on said contract the sum of $342.67, for which she prays judgment.

The defense was that when certain moneys were deducted for time lost for vacation and otherwise plaintiff had been paid. That she was to be paid a less amount than $100 per month for a certain period claimed by her to be at the rate of $100 per month. Judgment was for the plaintiff for $219.46, and the defendant appeals.

The testimony of the plaintiff supported her allegations that she was to be paid at the rate alleged and that there was a balance due of $342.67; while the testimony of the defendant supported its defense that she was to be paid at a less rate per month and that there were certain deductions for a vacation period for which she was not to be paid and certain absences with which plaintiff was to be charged.

All of these questions were in dispute and were submitted to a trial judge who was in position to judge the evidence better than it can be judged on appeal. That is why we have held in so many cases that in a law action tried to the court without a jury the trial court's judgment will not be disturbed if there is any evidence, including any reasonable inference, tending to support the judgment. Knox v. Eason Oil Co., 190 Okla. 627, 126 P. 2d 247; Morris' Estate v. Kirby's Estate, 192 Okla. 69, 133 P. 2d 896.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.