BARNES v. ROSS.

No. 34728.    Feb. 12, 1952.

Rehearing Denied March 4, 1952.

*241 P. 2d 397.*

Arthur G. Croninger and Ray McNaughton, Miami, for plaintiff in error.

Wilkerson & Wilkerson, Pryor, for defendant in error.

CORN, J.    This action was commenced by Clell Barnes, doing business as J. M. Barnes & Son, hereinafter called plaintiff, to recover on a check given by Frank Ross, doing business as O.K. Livestock Commission Company, hereinafter called defendant.

The evidence discloses that W. E. Turnham took a truckload of stolen cattle to the defendant, sold them to him, and obtained a check in the name of W. D. Morton drawn on the First National Bank of Vinita, Oklahoma, in the sum of $1,376.33.    Turnham wrote the name of W. D. Morton intending the same for an endorsement and delivered the check to plaintiff at his place of business at Barnes Corner, approximately nine miles from Springfield, Missouri.    Defendant was immediately informed by the officers of the law that the cattle were stolen whereupon he stopped payment of the check.

The issues were joined and the case submitted to the jury on the question of whether or not plaintiff was a holder in due course.    Plaintiff testified that W. E. Turnham had lived approximately a mile from his store for a period of 30 days; that he did not know his name was Turnham; that at the time W. E. Turnham brought the check into his store he was in the basement storeroom; that he was informed by his clerk and cashier that someone wished to cash a check; that she came to the head of the stairway of the storeroom in order to inform

him; that he told her not to cash the check if it ran the firm too short of cash; that he did not know until that night Turnham had endorsed the check; that he cashed it the next morning.

They took the testimony of W. E. Turnham in prison at Granite, Oklahoma. He testified by deposition that he lived a mile from plaintiff's store; that he and his wife had lived there for approximately a month and traded with plaintiff at his store; that plaintiff called him "W. E."; that he had charged a jack costing $18 at the filling station of plaintiff; that he believed Farene Shook, the clerk and cashier, knew his name; that he endorsed the check in the presence of plaintiff and Farene Shook; that he left the check in the store that night and got the money some time the next day. In Wallace v. First Nat. Bank of Kingston, Tenn., 167 Okla. 563, 31 P. 2d 135, we said:

"A transferree of a negotiable instrument is presumed to be a holder in due course, and this presumption protects him unless and until the maker alleges and proves an infirmity or a defect in the title of the payee, in which event the presumption falls and the burden is on the holder to show that he acquired the instrument in due course, . . ." .

It would serve no useful purpose to engage in a further discussion of the facts. Taking into consideration all facts and circumstances in this case, we find there is some evidence reasonably tending to support the judgment of the trial court.

Judgment affirmed.

HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, and O'NEAL, JJ., concur.