931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
AMERICAN CORROSION CONTROL CORP., an Oklahoma corporation,
Plaintiff-Appellant,
v.
ANIXTER BROS, INC., a Delaware corporation, and Madison Wire
and Cable Corp., Defendants-Appellees.
 No. 88-1734.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1991.
 
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's entry of judgment for defendant following a bench trial on plaintiff's diversity claim for breach of contract. (Plaintiff does not appeal the district court's dismissal of its claim for fraudulent misrepresentation.) We affirm.
 
 
 3
 Plaintiff claims the district court erred in holding that plaintiff was barred by the parol evidence rule from introducing evidence that the parties had agreed to contractual terms that do not appear in the written sales contract executed between them. It cites two exceptions to the parol evidence rule under Oklahoma law as applying to the facts of this case.
 
 
 4
 First, plaintiff claims extrinsic evidence is admissible to aid the court in construing an ambiguous contract. The district court specifically found, however, that the contract executed between plaintiff and defendant was unambiguous, and the plaintiff has failed to raise or discuss any particular alleged ambiguities in this document. We agree with the district court's conclusion on this issue. Thus plaintiff's argument that extrinsic evidence should have been admitted to aid the district court in construing the written contract executed between the parties must fail.
 
 
 5
 Second, plaintiff argues that the written contract in this case was executed contemporaneously with an oral agreement whereby defendant agreed to provide wire in conformance with the applicable Air Force specifications, thus allowing for the admission of extrinsic evidence on the oral agreement (citing Mid-West Chevrolet Corp. v. Noah, 48 P.2d 283 (Okla.)). Contrary to plaintiff's repeated misstatements, however, the district court did not find that the parties had discussed the existence of the Air Force specifications prior to or during their execution of the written contract. Furthermore, plaintiff's argument would fail even if such discussions had taken place, since under Oklahoma law, parol evidence that tends to alter or contradict the scope and meaning of a written instrument is not admissible under the "contemporaneous oral contract" exception. American Perforating Co. v. Oklahoma State Bank, 463 P.2d 958, 966 (Okla.). In this case, plaintiff attempted to introduce evidence that defendant had agreed to supply plaintiff with a type of wire different from the type of wire described in the written contract executed between them. This evidence clearly would have altered the scope and meaning of the written instrument and was properly excluded by the district court.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3